UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-4815 DSF (ASx) | Date | 8/14/2015 |
|---|---|---|---|
| Title | Salvador T. Flores, et al. v. Select Portfolio Servicing, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in part and DENYING in part Defendants' Motion to Dismiss (Dkt. No. 12)

   Plaintiffs Salvador T. Flores and Blanca I. Flores bring thirteen state-law claims against Defendants Select Portfolio Servicing, Inc. (SPS) and Wells Fargo Bank, N.A. (Wells Fargo) in connection with their default on a home mortgage loan. SPS, the loan servicer, and Wells Fargo, the lender, move to dismiss Plaintiffs' Complaint.

   On December 13, 2006, Plaintiffs obtained a $558,400 home mortgage loan from The Loan Experts, dba All American Finance (AAF), which was secured by Plaintiffs' property through a related deed of trust. (Compl. ¶ 13, Ex. A.) In late 2013, after suffering financial difficulty due to the economic recession, Plaintiffs applied for a loan modification with JPMorgan Chase Bank (Chase), the servicer at the time. (Id. ¶ 16.) On January 31, 2014, AAF assigned its interest in the deed of trust to Wells Fargo. (Id. ¶ 17, Ex. B.) Sometime thereafter, SPS acquired the right to service Plaintiffs' loan. (Id. ¶ 18.)

   On December 26, 2014, after "years of 'run arounds' from Chase and then SPS regarding their loan modification application," Plaintiffs submitted a complete Request for Modification Assistance (RMA) to SPS and requested that SPS assign a single point of contact. (Id. ¶¶ 19-20.) SPS failed to provide a single point of contact, acknowledge receipt of Plaintiffs' RMA, request further documentation, or deny the RMA in writing. (Id. ¶ 23.) The Complaint suggests that Defendants commenced foreclosure proceedings by recording a Notice of Default and Notice of Trustee's Sale. (Id. ¶¶ 35-37, 42.) However, Plaintiffs and Defendants now appear to agree that Defendants have not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

recorded a Notice of Default or a Notice Trustee's Sale.[1]

In their Complaint, Plaintiffs generally allege that Defendants mishandled their loan modification application and that Defendants lack authority to foreclose on Plaintiffs' property due to defects in the assignment and securitization of Plaintiffs' loan and deed of trust. Plaintiffs assert thirteen causes of action for: (1) Lack of Title and Standing; (2) Cancellation of Instruments; (3) Declaratory Relief; (4) Violation of Cal. Civ. Code § 2923.7; (5) Violation of Cal. Civ. Code § 2924.10; (6) Violation of Cal. Civ. Code § 2924.17; (7) Breach of Contract; (8) Breach of Implied Duty of Good Faith and Fair Dealing; (9) Negligent Misrepresentation; (10) Negligence; (11) Promissory Estoppel; (12) Violation of Cal. Bus. & Prof. Code § 17200; and (13) Injunctive Relief under Cal. Civ. Code § 2924.19.

### First, Second, Third, Sixth, and Thirteenth Causes of Action

Defendants move to dismiss Plaintiffs' first, second, third, sixth, and thirteenth causes of action on the basis that they rely on an untenable legal theory challenging the securitization and assignment of Plaintiffs' loan and deed of trust.[2] "[C]ourts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor a cause of action." Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 899-90 (D. Haw. Feb. 23, 2011). "[I]f [a defendant] had breached the [pooling and servicing agreement], then perhaps [the plaintiff] would have a claim against [the defendant]. But it is an unsupported leap of logic that would allow [the plaintiff] to use these breaches to challenge [the defendant's] right to initiate a judicial foreclosure." Arabia v. BAC Home Loans Serv., L.P., 208 Cal. App. 4th 462, 473 (2012). "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [a plaintiff] lacks standing to enforce any agreements, including the

---

[1] See Pls.' Mot. for Remand at 2 ("[T]here is *no current foreclosure activity*. At least to Plaintiffs' knowledge, there is no record of a Notice of Default or Notice of Sale that Plaintiffs are aware of being executed and/or recorded."); Defs.' Mot. to Dismiss at 2 ("Plaintiffs do not allege that a Notice of Default or a Notice of Trustee's Sale has been recorded against the Property."); id. at 18 ("Plaintiffs have not alleged that any Notice of Default has even been issued, let alone that any trustee's sale has been scheduled.").

[2] Plaintiffs do not appear to dispute that their first, second, third, sixth, and thirteenth causes of action are premised on an untenable legal theory. Although Plaintiffs do not expressly agree with Defendants, their opposition does not respond to Defendants' argument that they lack standing to challenge the securitization of their loan or the assignment of their deed of trust.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

investment trust's pooling and servicing agreement, relating to such transactions." Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013).

Plaintiffs have not alleged that they were parties to the securitization of their loan or the assignment of their deed of trust. They accordingly lack standing to challenge Defendants' right to foreclose on either basis. Plaintiffs' first, second, third, sixth, and thirteenth causes of action are DISMISSED.

**Fourth Cause of Action (Violation of Cal. Civ. Code § 2923.7)**

Plaintiffs' fourth cause of action asserts that Defendants violated California Civil Code § 2923.7 by failing to establish a single point of contact. Section 2923.7(a) mandates that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."

Plaintiffs allege that in December 2014 they requested that SPS assign them a single point of contact to assist with the loan modification process. (See Compl. ¶ 20.) Notwithstanding this request, "SPS has not provided Plaintiffs with a single point of contact[.]" (Id. ¶23.) "When Plaintiffs would contact SPS via telephone they were directed to speak to several customer service representatives and not an individual who had specific knowledge of their account." (Id.) These allegations are sufficient to support the plausible inference that SPS did not offer a single point of contact consistent with § 2923.7.[3] Plaintiffs have not, however, offered any facts that would establish liability as to Wells Fargo, which is not alleged to have serviced Plaintiffs' loan. Plaintiffs' fourth cause of action may proceed against SPS, but is DISMISSED as to Wells Fargo.

---

[3] The Court rejects Defendants' argument that dismissal is warranted under Civil Code § 2924.12(c), which relieves a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" from liability "for any violation that has [been] corrected and remedied prior to the recordation of a trustee's deed upon sale . . . ." Even assuming that § 2924.12(c) would immunize Defendants if a single point of contact is assigned before a Notice of Trustee's Sale is recorded, Defendants offer no reason for the Court to conclude that immunity attaches at the pleading stage simply because a defendant could cure an existing violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

**Fifth Cause of Action (Violation of Cal. Civ. Code § 2924.10)**

California Civil Code § 2924.10(a) prescribes that "[w]hen a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt." Plaintiffs' fifth cause of action alleges that Defendants violated § 2924.10 by failing to provide Plaintiffs with written acknowledgment that Defendants received their loan modification applications or the documents filed in conjunction with these applications. (Compl. ¶¶ 60-61.)

Defendants argue that Plaintiffs' allegations reveal that they never submitted a complete loan modification application. In support of this argument, Defendants identify paragraph 21 in Plaintiffs' Complaint, which alleges that an SPS representative told Plaintiffs that a section was missing from Plaintiffs' loan modification application. Although this is accurate, Defendants fail to state that paragraph 21 further states that Plaintiffs' agent informed the SPS representative that the purportedly missing section had been submitted via SPS's website and had been emailed to the SPS representative. Assuming the truth of Plaintiffs' factual allegations, which the Court must do at the pleading stage, Plaintiff has established a plausible inference that they submitted a complete loan modification application to SPS. Plaintiffs' fifth cause of action may therefore proceed against SPS. However, because Plaintiffs have not offered any facts concerning Wells Fargo relevant to this claim, Plaintiffs' fifth cause of action is DISMISSED as to Wells Fargo.

**Seventh Cause of Action (Breach of Contract)**

Plaintiffs' seventh cause of action alleges that Defendants breached the deed of trust by failing to modify the negative amortization provision in Plaintiffs' loan. Paragraph 14 of the deed of trust requires the lender to modify the loan if it "is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits." (Compl. ¶ 71, Ex. A.) Plaintiffs contend that Defendants were obligated to modify the loan because the loan's negative amortization provision is impermissible in light of Cal. Finance Code § 4973(c), which states that a "covered loan shall not contain a provision for negative amortization such that the payment schedule for regular monthly payments causes the principal balance to increase, unless the covered loan is a first mortgage and the person who originates the loan discloses to the consumer that the loan contains a negative amortization provision that may add principal to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

balance of the loan."

Plaintiffs' allegations establish that their loan contained a negative amortization provision and that Defendants did not modify the loan. However, the negative amortization is not, in itself, unlawful. As § 4973(c) explains, such provisions are permissible in first mortgages if properly disclosed to the borrower. Plaintiffs have not alleged that the originator of their loan, which was a purchase mortgage, failed to make the requisite disclosure. In fact, the adjustable rate rider attached to the deed of trust suggests that such a disclosure was made. (Compl., Ex. A.) Plaintiffs' breach of contract claim is DISMISSED.

### Eighth Cause of Action (Implied Covenant of Good Faith and Fair Dealing)

Plaintiffs allege that Defendants violated the covenant of good faith and fair dealing by "neglect[ing] Plaintiffs' loan modification application without a good faith review." (Compl. ¶ 82.) To prevail on this claim, Plaintiffs must identify "some specific contractual obligation" and conduct by Defendants that frustrated Plaintiffs' ability to obtain the corresponding benefit. Racine & Laramie, Ltd. v. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1031-32 (1992) ("The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. . . . In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." (internal quotation marks and citations omitted).) Plaintiffs have not identified a specific contractual provision in either their promissory note or deed of trust that requires Defendants to offer a loan modification or review a loan modification application. To the extent Plaintiffs could identify such a provision, their eighth cause of action could potentially proceed. Having failed to do so, Plaintiffs' eighth cause of action is DISMISSED.

### Ninth and Tenth Causes of Action (Negligent Misrepresentation and Negligence)

Plaintiffs' ninth and tenth causes of action allege negligent misrepresentation and negligence against Defendants. To succeed on either claim, Plaintiffs must establish that Defendants owed them a duty of care. See Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095-97 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Id. at 1096. Although decisions are split, at least some California appellate courts and Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

district courts have concluded that a lender owes a borrower a duty of care in negotiating and processing a loan modification application. See, e.g., Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941, 947-49 (2014); Rowland v. JPMorgan Chase Bank, N.A., No. C 14-00036 (LB), 2014 WL 992005 (N.D. Cal., Mar. 12, 2014). "[W]hile a lender does not have a duty to offer or approve a loan modification, 'a lender does owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale.'" Alvarez, 228 Cal. App. 4th at 946-47 (quoting Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 68 (2013)).

In light of this precedent, it is theoretically possible that Plaintiffs possess cognizable negligent misrepresentation and negligence claims against Defendants. The Complaint, however, lacks factual allegations sufficient to support such a finding. Plaintiffs' relevant allegations focus primarily on representations made by Chase – a non-party to this action – and the limited allegations concerning SPS's conduct are vague and conclusory. Plaintiffs have not alleged facts showing that Defendants' involvement exceeded that of a typical loan servicer. Their ninth and tenth causes of action are DISMISSED.

### Eleventh Cause of Action (Promissory Estoppel)

Plaintiffs' eleventh cause of action asserts a claim for promissory estoppel based on Defendants' purported promise to negotiate a loan modification. (Compl. ¶¶ 108-18.) Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 275 (2011). Consistent with much of the Complaint, Plaintiffs' promissory estoppel allegations are insufficient to plausibly plead a cognizable claim. Beyond the conclusory statement that "Defendants made expressed (sic) representations to Plaintiffs that negotiation will take place for the purpose of modifying the terms of the Subject Loan," (Compl. ¶ 114), Plaintiffs offer no further details regarding, for instance, the particular individual or Defendant that made the representation or the form in which the representation was made. Plaintiffs' promissory estoppel cause of action is DISMISSED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

### Twelfth Cause of Action (UCL Claim)

Plaintiffs' twelfth cause of action alleges that Defendants violated California's unfair competition law (UCL), Cal. Bus. & Prof. Code §§ 17200, et seq. To prevail on a UCL claim, a plaintiff must establish, inter alia, an unlawful, unfair, or fraudulent business practice. See Cal. Bus. & Prof. Code § 17200. The plaintiff must also establish that she "suffered injury in fact and has lost money or property as a result of the unfair competition." Id. § 17204. "A plaintiff alleging unfair business practices . . . must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs contend that the challenged conduct underlying the foregoing causes of action satisfies the unlawful and unfair prongs necessary to state a UCL claim. With the exception of Plaintiffs' §§ 2923.7 and 2924.10 claims against SPS, Plaintiffs have not plausibly pled a cognizable claim. As to their §§ 2923.7 and 2924.10 claims, Plaintiffs have not alleged facts with sufficient particularlity to support the conclusion that SPS's statutory violations caused Plaintiffs' harm. Plaintiffs' UCL claim is DISMISSED.

### CONCLUSION

Defendants' motion to dismiss is GRANTED in part and DENIED in part in accordance with the foregoing. If Plaintiffs elect to amend, they must file and serve the amended complaint no later than September 4, 2015. Failure to file and serve by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or claims must be sought by a separate, properly noticed motion. Defendants' response will be due September 25, 2015.

IT IS SO ORDERED.